**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| URIKA DEAN, on behalf of herself, and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL BILLINGS d/b/a )<br>MIDWAY ISLAND, and )<br>MIDWAY ISLAND, LLC, )<br>)<br>Defendants. ) | Case No. CIV-16-1459-M |

**ORDER**

Before the Court is Defendant Michael Billings' Amended Motion to Dismiss, filed March 8, 2017. On March 28, 2017, plaintiff responded. No reply has been filed. Based on the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff filed this action against defendants Michael Billings d/b/a Midway Island ("Billings") and Midway Island, LLC (collectively "Defendants") on behalf of herself and others similarly situated alleging Defendants violated the Fair Labor Standards Act ("FLSA") and the Oklahoma Minimum Wage Act. Plaintiff was employed by Defendants from June 2013 through February 2014, as an exotic dancer at Midway Island, a club located in Oklahoma City. Plaintiff alleges that Defendants deprived plaintiff, and others similarly situated, of compensation through the following practices, decisions or plan:

> (a) Requiring adult entertainers and other employees to perform work without compensation;
>
> (b) Requiring adult entertainers and other employees to perform work without compensation during times for which they could not receive tips;

(c) Refusing to compensate adult entertainers one and one half times minimum wage when their total hours worked exceed 40 hours;

(d) Requiring adult entertainers to share tips with non-tipped employees;

and

(e) Requiring adult entertainers to pay fees for the right to work.

Compl. ¶¶ 12. Further, plaintiff alleges that Defendants misclassified all adult entertainers at Midway Island as independent contractors but established specific work schedules, dictated the specific times and manner in which the adult entertainers interacted with customers and danced on stage, and required the adult entertainers, including plaintiff, to wear specific types of attire while performing. Additionally, plaintiff alleges Defendants required the adult entertainers, including plaintiff, to pay a house fee or bar fee to qualify to work a given shift, and a disc jockey fee. Plaintiff alleges the amount of the fees varied from night to night, event to event.

Plaintiff further alleges that adult entertainers, including plaintiff, were to pay a percentage of all gratuities received back to Midway Island, which constituted an illegal tip sharing arrangement with non-tipped employees and represented an illegal kickback within the meaning of the FLSA. Plaintiff also alleges Defendants never paid the adult entertainers, including plaintiff, any amount of wages and their sole source of work-related income during their employment with Defendants was gratuities received from paying customers. Plaintiff alleges that Defendants knew or should have known that misclassifying plaintiff as an independent contractor instead of the appropriate employee designation was a violation of the FLSA.

Billings now moves this Court to dismiss this matter against him, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted against him.

II. Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

Billings contends that this matter should be dismissed against him because plaintiff does not plead any facts that would support a finding that he is an employer as defined under the FLSA, or that plaintiff and Billings were in an employee – employer relationship as contemplated by the Act.[1] Plaintiff contends that Billings is subject to individual liability under the FLSA and the Oklahoma Minimum Wage Act.

The FLSA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ," 29 U.S.C. § 203(d), and the Oklahoma Minimum Wage Act defines employer as:

> any individual, partnership, association, corporation, business trust, or any person or group of persons, hiring more than ten full-time employees or equivalent at any one location or place of business; provided, however, if an employer has less than ten full-time employees or equivalent at any one location or place of business but does a gross business of more than One Hundred Thousand Dollars ($100,000.00) annually, said employer shall not be exempt under the provisions of this act.

Okla. Stat. tit. 40, § 197.4(d). Further, Oklahoma courts and the Tenth Circuit apply the economic-reality test to determine whether an individual is an employer under the FLSA. *See Washington v. Cornell Corrections, Inc.*, 30 P.3d 1162, 1164 (Okla. Civ. App. 2001); *see also Saavedra v. Lowe's Home Ctrs., Inc.*, 748 F. Supp. 2d 1273, 1286 (D.N.M. Sept. 10, 2010) (citing *Baker v. Flint Eng'g & Const. Co.,* 137 F.3d 1436, 1440 (10th Cir.1998)) ("The economic reality test includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records.").

---

[1] Billings asserts the same contention as to plaintiff's claim for violation of the Oklahoma Minimum Wage Act.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has sufficiently pled facts demonstrating that Billings was an employer as defined by the FLSA and the Oklahoma Minimum Wage Act. Billings contends that plaintiff does not specifically mention Billings' operational control over Midway Island, including his ability to hire or fire employees, oversee conditions of employment, set the rate and method of payment, or maintain employment records; nor did plaintiff mention that Billings was involved in the day-to-day operation of the company or the supervision of employees. Plaintiff, however, specifically states in the beginning paragraph of her Complaint that she "brings this action … against … defendant Michael Billings (d/b/a/) Midway Island and Midway Island, LLC … (hereinafter referred to collectively as 'Defendant' or 'Midway Island')." Compl. at 1. The Court finds that plaintiff's reference to Defendants in her Complaint includes specific allegations against Billings individually, *see* Compl. ¶¶ (9-25), that are sufficient enough to allow the Court to draw the reasonable inference that Billings, individually, has violated the FLSA and the Oklahoma Minimum Wage Act. Therefore, the Court finds that Billings should not be dismissed from this matter.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendant Michael Billings' Amended Motion to Dismiss [docket no. 12] and FINDS that Defendant Michael Billings' Motion to Dismiss [docket no. 11] is MOOT.

**IT IS SO ORDERED this 12th day of May, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE